AGNES HORTON, RESPONDENT, v. JOHN SMITH, TRADING AS JAMES BUTLER, APPELLANT.

Submitted May 5, 1942—Decided July 29, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the appellant, *William H. D. Cox.*

For the respondent, *Charles F. Diltmar.*

PER CURIAM.

The plaintiff, an actual or intending customer at defendant's provision store, tripped and fell at the entrance thereto, sustaining rather serious injury, and brought this suit, charging negligence by defendant in so arranging some of his wares at the entrance as to cause her fall. The jury found in her favor, and from the resulting judgment defendant appeals.

The grounds of appeal relate wholly to passages in the charge to which exception was taken, and principally to the instructions relative to the duty of care imposed on each party, and negligence, direct and contributory.

As to the primary negligence, the settled rule as stated by our court of last resort in *Murphy* v. *Core Joint Concrete Pipe Co.*, 110 *N. J. L.* 83, 86, is that "the owner or occupier of lands who by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise *ordinary care* to render the premises *reasonably* safe for the purposes embraced in the invitation." We italicize two words in the quotation as particularly apposite to the subject-matter of the present appeal.

The trial judge in the course of his charge to the jury instructed them twice in the same paragraph that the duty of the defendant was "to use reasonable care to make those premises *safe*, so that a person coming into the store may not be injured." This was repeated in substance a few lines farther on. And in discussing the duty of the plaintiff to use reasonable care for her own safety, he added: "I do not mean that in any way relieves the defendant *from keeping* his premises in a reasonably safe condition."

We discern here two distinct errors: one, in requiring reasonable care to attain absolute safety: and the other, laying down an absolute duty to secure reasonable safety. Each of these overstepped the rule we have quoted above. And the last paragraph of the charge instructed the jury

under certain conditions of defendant's negligence, to find for the plaintiff, without any allusion to a duty of care on her part. It is true that the ground of appeal based on this paragraph is argued only in the aspect of proximate cause, but it seems well to call attention to it at this time.

Other passages of the charge stated the rules with reasonable accuracy; but the rule is of course well settled that where there are inconsistent instructions, one correct and other erroneous, the error is not cured unless the erroneous instruction is expressly withdrawn. *State* v. *Erie Railroad Co.*, 84 *N. J. L.* 661.

The judgment will be reversed, to the end that a *venire de novo* issue.